UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARLENY ALONZO,<br><br>Petitioner(s),<br>v.<br><br>ICE FIELD OFFICE DIRECTOR,[1]<br><br>Respondent(s). | CASE NO. C26-2277-KKE<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Darleny Alonzo has been in immigration detention since February 2026, and filed a petition for a writ of habeas corpus under 28 U.S.C. 2241 in July 2026. Dkt. No. 7, Dkt. No. 9 ¶ 14. Petitioner was denied bond on February 19, 2026, and was ordered removed to the Dominican Republic on June 23, 2026. Dkt. Nos. 10-5, 10-6.

Because Petitioner's detention has not become unlawfully prolonged and Petitioner has identified no other grounds for relief, the Court will deny her habeas petition.

## I. BACKGROUND

Petitioner is a citizen of the Dominican Republic who entered the United States as a lawful

[1] Petitioner does not name the proper respondent—the warden of the Northwest ICE Processing Center ("NWIPC")—in her petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Under Federal Rule of Civil Procedure 21, the Court may, "on its own," and "on just terms, add … a party." Construing the petition liberally, as it must, the Court finds that Petitioner is seeking release from the NWIPC and thus directs the Clerk under Rule 21 to add Bruce Scott, Warden of the NWIPC, as a respondent in this action. *See, e.g., Urena v. Warden, Otay Mesa Det. Ctr.*, 26-CV-323-JO-DDL, 2026 WL 362082 (S.D. Cal. Feb. 9, 2026) (adding warden sua sponte "[g]iven Petitioner's pro se status and his clear indication that he seeks release from the Otay Mesa Detention Center").

permanent resident in 1994. Dkt. No. 9 ¶¶ 3–4. In 2009, Petitioner acquired two misdemeanor convictions for larceny and shoplifting by asportation. Dkt. No. 10-1 at 2. On July 11, 2012, Immigration and Customs Enforcement ("ICE") issued a notice to appear ("NTA"), charging Petitioner as removable under Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), as amended, for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. *Id.* On December 3, 2013, Petitioner was arrested, booked into immigration custody, and served with an NTA. Dkt. No. 9 ¶ 8; *see also* Dkt. No. 10-1 at 3. Petitioner was released on the same day on an Order of Recognizance. Dkt. No. 9 ¶ 8.

On February 11, 2014, the Department of Homeland Security ("DHS") initiated removal proceedings. Dkt. No. 9 ¶ 9. Petitioner appeared for an initial master hearing in front of an immigration judge ("IJ") on April 2, 2014. *Id.* ¶ 10. Her removal proceedings were subsequently continued multiple times from 2014 to 2019 to allow Petitioner to obtain counsel. *Id.* On July 2, 2019, Petitioner failed to appear for a hearing, and the IJ ordered her removed in absentia to the Dominican Republic. *Id.* ¶ 11. Petitioner subsequently filed a motion to reopen her proceedings, which the IJ granted on August 5, 2019. *Id.* Petitioner failed to appear at a second hearing, and the IJ again ordered her removed in absentia to the Dominican Republic on March 11, 2025. *Id.* ¶ 13; *see also* Dkt. No. 10-2.

On February 2, 2026, Petitioner was arrested in Massachusetts for assault and battery of a household member and transferred to the ICE Boston field office for processing and immigration custody. Dkt. No. 9 ¶ 14. Petitioner subsequently filed a motion to reopen with the immigration court, *id.* ¶ 15, and an IJ reopened her removal proceedings on February 9, 2026. Dkt. No. 10-4. On February 19, 2026, Petitioner appeared through counsel at a bond hearing, where the IJ denied bond, finding that Petitioner posed a danger to the community by clear and convincing evidence.

Dkt. No. 9 ¶ 16, Dkt. No. 10-5. Petitioner does not appear to have appealed her bond determination.

Approximately one month later, Petitioner was transferred and booked into the NWIPC. Dkt. No. 9 ¶ 17. On May 11, 2026, Petitioner filed an application for relief from removal. *Id.* ¶ 18. On June 23, 2026, Petitioner appeared through counsel at her final merits hearing before an immigration judge and was ordered removed to the Dominican Republic. *Id.* ¶ 19; Dkt. No. 10-6. Petitioner timely appealed her removal order to the Board of Immigration Appeals ("BIA") on July 13, 2026. Dkt. No. 9 ¶ 20. That appeal remains pending. *Id.*

On July 17, 2026, Petitioner filed this habeas case. Dkt. No. 7. The Government filed a Return.[2] Dkt. No. 8. But Petitioner did not file a reply (i.e., a traverse). The petition is now ripe for the Court's consideration.

## II. DISCUSSION

To succeed on a habeas petition, a petitioner must show she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Petitioner's removal order is not final because her appeal to the BIA remains pending. *See* 8 U.S.C. § 1101(a)(47)(B). Accordingly, Petitioner is detained under 8 U.S.C. § 1226(a), which governs the detention of noncitizens pending a final decision on whether they are to be removed

[2] This order refers to Respondent ICE Field Office Director as "the Government."

from the United States. Detention under Section 1226(a) is discretionary, meaning the Government may release a noncitizen detained under this provision on bond. *See* 8 U.S.C. § 1226(a)(1)–(2). If a noncitizen wishes to contest ICE's initial custody determination, they have a right to do so before an IJ. 8 C.F.R. § 1236.1(d)(1).

Here, Petitioner claims that her detention has become unlawfully prolonged. Dkt. No. 7 at 3. Section 1226(a), "like [Section] 1231(a)(6), … does not authorize indefinite detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Accordingly, courts construe the detention authority under Section 1226(a) "[c]onsistent with *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)], … as limited to the 'period reasonably necessary to bring about [a noncitizen's] removal from the United States,' even if continued detention in any particular litigant's case would not pose a constitutional problem." *Id.* (quoting *Zadvydas*, 533 U.S. at 689). Petitioner's detention, however, has not become indefinite. She has, at this point, been detained for approximately six months—which is considered a "presumptively reasonable" period for detention following a final order of removal identified in *Zadvydas*. 533 U.S. at 701. Petitioner's order of removal is not final. Rather, here, as in *Prieto-Romero*, any delay in Petitioner's detention is not the result of being "stuck in a 'removable-but-unremovable limbo,'" but because of her ongoing administrative appeal to the BIA. 534 F.3d at 1063. Under these circumstances, Petitioner has not shown that her detention has become unlawfully prolonged. Should Petitioner's continued detention later become unreasonably prolonged and indefinite, she may file another habeas petition at that time.

Petitioner also appears to challenge the fairness of her individual merits hearing before the immigration judge, alleging that certain witnesses were not called. Dkt. No. 7 at 3. If Petitioner believes that she was not afforded a full and fair hearing or otherwise disagrees with the IJ's decision that she is removable, she must present any such arguments in her appeal to the BIA and, potentially, in a subsequent petition for review to the Ninth Circuit. *See* 8 U.S.C. § 1252(b)(9); *see*

*also* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate Court of Appeals … shall be the sole and exclusive means for judicial review of an order of removal[.]").[3] Finally, Petitioner contends that she seeks release to continue life with her family and sick child. Dkt. No. 7 at 3. While the Court is sensitive to Petitioner's desire to return to her family, she is not entitled to habeas relief on this basis.

## III. CONCLUSION

Petitioner's habeas petition is DENIED.

Dated this 26th day of August, 2026.

Kymberly K. Evanson
United States District Judge

[3] Petitioner also states that she "had a bond hearing and got denied for a case I have not been able to attend court due to being detained by [ICE]." Dkt. No. 7 at 3. Though unclear precisely what case Petitioner is referencing, the Court does not read this claim to challenge the constitutionality of her bond hearing. Any appeal of the IJ's bond determination should be brought before the BIA.